UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

JOE ED STACKHOUSE #202112,

                Plaintiff,                Case No. 2:07-cv-163

v.                                 Honorable Robert Holmes Bell

JERI-ANN SHERRY, et al.,

                Defendants.

_____/

## REPORT AND RECOMMENDATION

      This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.       Factual allegations

Plaintiff Joe Ed Stackhouse, an inmate at the Oaks Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Warden Jeri-Ann Sherry, Assistant Deputy Warden T. Mackie, Assistant Resident Unit Supervisor T. Corey, Assistant Deputy Warden G. Lemon, Resident Unit Manager Unknown Mansfield, Inspector Ian McDonald, Grievance Coordinator Dun McLaren, Manager J. Armstrong, and MDOC Director Patricia L. Caruso.

In his complaint, Plaintiff states that on July 22, 2007, while he was incarcerated at the Chippewa Correctional Facility (URF), he sent Defendant Sherry several kites regarding his placement in administrative segregation.  Plaintiff claims that this placement violated his due process rights.  Plaintiff also claims that Defendant McDonald failed to investigate, although Plaintiff does not specify what should have been investigated.  Plaintiff claims that on July 17, 2007, Defendant Mansfield violated his due process rights in relation to his handling of grievances and disciplinary actions, and that Defendant Corey improperly sentenced Plaintiff to 30 days detention.  Plaintiff seeks damages.

II.       Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.  *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under

color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d

810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of

substantive rights itself, the first step in an action under § 1983 is to identify the specific

constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

      Plaintiff asserts that Defendants' conduct violated his right to procedural due process.

The Supreme Court long has held that the Due Process Clause does not protect every change in the

conditions of confinement having an impact on a prisoner.  *See Meachum v. Fano*, 427 U.S. 215, 225

(1976).  In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Court set forth the standard for

determining when a state-created  right creates a federally cognizable liberty interest protected by

the Due Process Clause.  According to the *Sandin* Court, a prisoner is entitled to the protections of

due process only when a deprivation imposes an "atypical and significant hardship on the inmate in

relation to the ordinary incidents of prison life."  *Sandin*, 515 U.S. at 484; *see also Jones v. Baker*,

155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995).  *But

cf. Wilkinson v. Austin*, 125 S. Ct. 2384, 2394-95 (2005) (placement in "supermax" facility

sufficiently atypical to implicate due process).  The *Sandin* Court concluded that mere placement in

administrative segregation did not implicate a liberty interest because the segregation at issue in that

case did not impose an atypical and significant hardship.  *Sandin*, 515 U.S. at 484.  Here, Plaintiff

clearly has failed to suggest that his segregation or other treatment while confined at URF imposed

an atypical and significant hardship.  Therefore, his due process claims lack merit.

      Moreover, Plaintiff's complaint consists of broad, conclusory statements which are

not supported by sufficient facts to deserve serious consideration.  *See*, e.g., *Nuclear Transport &

Storage, Inc. v. United States*, 890 F.2d 1348 (6th Cir. 1989), *cert. denied*, 494 U.S. 1079 (1990);

*Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-437 (6th Cir. 1988); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986); *Smith v. Rose*, 760 F.2d 102 (6th Cir. 1985); *Johnson v. Stark*, 717 F.2d 1550 (8th Cir. 1983).

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   March 25, 2008


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).