UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


JOE ED STACKHOUSE #202112,

        Plaintiff,

                                    File No. 2:07-CV-163

v.

                                    HON. ROBERT HOLMES BELL

JERI-ANN SHERRY, et al.,

        Defendants.

_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT**

On March 25, 2008, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Plaintiff Joe Ed Stackhouse's 42 U.S.C. § 1983 prisoner civil rights complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c) for failure to state a claim on which relief can be granted. Plaintiff filed objections to the R&R on April 4, 2008. (Dkt. No. 4.)

This Court is required to make a *de novo* determination of those portions of the R&R to which objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The R&R recommends dismissal because Plaintiff's placement in administrative segregation is not an "atypical and significant hardship on the inmate in relation to the

ordinary incidents of prison life," and therefore does not implicate a liberty interest protected by the Due Process Clause.  (R&R 3 (quoting *United States v. Sandin*, 515 U.S. 472, 484 (1995).)

In his objections Plaintiff states that his circumstances do involve an "atypical and significant hardship" because he was placed in administrative segregation in a level I correctional facility and then moved to administrative segregation in a level IV correctional facility, three security levels above his original placement.  Plaintiff contends that his circumstances are more similar to the placement in a supermax facility that was found sufficiently atypical to implicate due process in *Wilkinson v. Austin*, 545 U.S. 209, 223-24 (2005).

Plaintiff's complaint does not allege his transfer to a higher security level and Plaintiff has not moved to amend his complaint to allege this transfer.  Moreover, even if the Court assumes that Plaintiff had alleged that he was transferred from a level I to a level IV security prison, the allegations would still fail to state a due process claim.  As the Sixth Circuit noted in *Harbin-Bey v. Rutter*, 420 F.3d 571 (6th Cir. 2005), neither an increase in security classification nor a transfer to a different prison implicates a liberty interest.  *Id.* at 577. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 4) are **DENIED**.

**IT IS FURTHER ORDERED** that the March 25, 2008, Report and Recommendation of the Magistrate Judge is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c).

**IT IS FURTHER ORDERED** that this dismissal shall count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).

Dated: <u>September 30, 2008</u>                    /s/ Robert Holmes Bell
                                                    ROBERT HOLMES BELL
                                                    UNITED STATES DISTRICT JUDGE